# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| CURTIS TRUMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>THURISTON MOORE, *et al.*,<br><br>                    Defendants. | Case No. 3:22-CV-00548-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 60] |

This case involves a civil rights action filed by Plaintiff Curtis Truman ("Truman") against Defendants Darrion Houston ("Houston"), Matthew Leong ("Leong"), Thurston Moore ("Moore"), and Curtis Rigney ("Rigney") (collectively referred to as "Defendants").

Currently pending before the Court is Defendants' motion for summary judgment. (ECF Nos. 60, 61.)[2] Truman opposed the motion, (ECF No. 63), and Defendants replied. (ECF No. 66.)[3] For the reasons discussed below, the Court recommends that Defendants' motion for summary judgment, (ECF No. 60), be granted in part and denied in part.

## I.  BACKGROUND

### A.  Procedural History

Truman is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events related to this case occurred while Truman was housed at the High Desert State Prison ("HDSP"). On December 12, 2022, Truman filed a civil rights

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] ECF No. 60 is the motion for summary judgment. ECF No. 61 is CD containing audio that was manually filed with the Clerk's Office.

[3] Truman also filed an unauthorized surreply to Defendants' reply. (ECF No. 69.) Because surreplies are not permitted without leave of court, and Truman did not seek leave to file the surreply, the surreply should be stricken. *See* LR 7-2(b); *see also* General Order No. 2021-05, § 3(b).

complaint pursuant to 42 U.S.C. § 1983 based on an alleged excessive force incident at HDSP and an alleged due process violation stemming from the excessive force incident. (ECF Nos. 1-1, 5.)

On December 28, 2022, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A and based on his allegations, permitted Truman to proceed on an excessive use of force claim under the Eighth Amendment against Defendants Moore, Houston, and Leong, and a Fourteenth Amendment due process claim against Defendant Rigney. (ECF No. 4.)

Thereafter, the case proceeded. Following discovery, on October 15, 2024, Defendants filed the instant motion for summary judgment arguing this case should be dismissed because: (1) Defendants Moore, Houston, and Leong had no personal participation in Truman's allegations; (2) Defendant Rigney did not violate Truman's Fourteenth Amendment rights; and (3) Defendant Rigney is entitled to qualified immunity. (ECF No. 60.)

B.     Factual Background re: Summary Judgment

In his verified complaint[4], Truman alleges the following: On May 20, 2022, Defendants Sgt. Moore, C/O Houston, and C/O Leong escorted Truman from his unit to "operations" at HDSP. (ECF No. 5 at 3-4.) During the escort, Truman's hands were cuffed behind his back, and his legs were shackled. (*Id.* at 3.) At some point, these Defendants said there were no cameras, and they would "whoop [Truman's] ass." (*Id.*) Defendants then lifted Truman off the ground and threw him down "face first." (*Id.*) They proceeded to kick Truman's "side" and ribs, knocking the wind out of him. (*Id.*) They also punched his "head and face," splitting his lip and leaving bruises. (*Id.* at 3-4.)

When the escort arrived at "operations," Defendants again slammed Truman onto the ground. (*Id.* at 4.) This time, Truman's face hit a metal bunk. (*Id.*) As Truman lay on

---

[4] "A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 & n.1 (9th Cir. 1987) (per curiam)) *amended by* 135 F.3d 1318 (9th Cir. 1998) (order).

the ground, one of these three Defendants placed a knee on his back while the others punched and kicked him. (*Id.*) Throughout the escort, Truman was "never once . . . aggressive," nor did he put up any resistance. (*Id.*) According to Truman, Defendant Moore has a "history" of harassing and retaliating against prisoners he dislikes. (*Id.* at 5.)

Truman was subsequently charged with battery based on the events of May 20, 2022. (*Id.* at 10.) The notice of charges alleged that, before he was escorted to "operations," Truman had punched Moore and Houston in his unit. (*Id.*) A disciplinary hearing was held on August 4, 2022. (*Id.* at 11.) At the hearing, Defendant Rigney found Truman guilty based solely on the "officers['] report"; he declined to review exculpatory "camera footage." (*Id.* at 12.) As punishment, Truman received 365 days in disciplinary segregation, loss of phone and canteen privileges for 90 days, and a 60-day "stat loss referral." (*Id.* at 11.)

According to Defendants and the Investigation Detail Report of the incident, the following took place: On May 20, 2022, Truman was observed with an open flame in Unit 8. (ECF No. 60-1 at 2.) Defendant Moore went on the tier to address Truman and ordered him to place his hands on the wall near a cell. (*Id.*) Defendant Moore and Houston attempted to take Truman to the ground, but Truman was swinging his arms in a fighting motion to resist the officers. (*Id.*) Moore grabbed Truman by the waist and took him to the ground. (*Id.*) Leong came to assist the officers with Truman and other inmates. (*Id.*) A prison made weapon was later discovered in Truman's waistband area when he was placed in an operations holding cell. (*Id.*) Truman claimed excessive use of force at the time of this incident. (*Id.*)

Following the incident, Truman was seen by medical. On the unusual occurrence report, there was a "laceration noted on [Truman's] right zygomatic arch," which was cleaned, and steri-strips were applied. (ECF No. 60-2 at 2.)

Truman was served a notice of charges on June 14, 2022. (ECF No. 60-3.) The hearing was conducted on August 4, 2022 (ECF No. 60-4.) Truman was allowed to designate a witness. (*Id.*) Truman did not request that hearing officer view any video of

the incident. (*Id.*) Truman was found guilty, and discipline was imposed. (*Id.*)

## II.     LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving

party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

### III. DISCUSSION

#### A. Excessive Force

The Eighth Amendment's proscription on cruel and unusual punishment forbids prison officials from inflicting "the unnecessary and wanton infliction of pain . . .." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Encompassed within the Eighth Amendment is a bar on the use of excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 7-10 (1992). Courts in the Ninth Circuit apply a five-part balancing test to excessive force claims: (1) the extent of the inmate's injuries; (2) the need for application of force; (3) the relationship between the need and amount of force; (4) the threat reasonably perceived by prison officials; and (5) any efforts that officials utilized to "'temper the severity of a forceful response.'" *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

The inmate must demonstrate that officials acted maliciously and sadistically to prevail. "[W]henever prison officials stand accused of using excessive physical force in

violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. As the Ninth Circuit has explained,

> [t]he "malicious and sadistic" standard arose out of "the need to maintain or restore discipline" inside the prison. When a prison disturbance occurs, prison officials must make "decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'" In these situations, prison officials are "accorded wide-ranging deference" and therefore, prisoners alleging excessive force must show that the force was applied "maliciously and sadistically to cause harm."

*Wood v. Beauclair*, 692 F.3d 1041, 1049-50 (9th Cir. 2012) (quoting *Hudson,* 503 U.S. at 6 and *Whitley,* 475 U.S. at 320). Thus, the Court must be careful when reviewing the factors to verify indicia of "such wantonness with respect to the unjustified infliction of harm as [is] tantamount to a knowing willingness that it occur." *Hudson*, 503 U.S. at 9. Moreover, there is no need for a showing of serious injury as a result of the force, but the lack of such injury is relevant to the inquiry. *See id.* at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000).

Excessive force cases "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom," and for this reason, the Ninth Circuit has "held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002); *see also Lolli v. Cnty. of Orange*, 351 F.3d 410, 415–16 (9th Cir. 2003); *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n. 10 (9th Cir. 1997) (citing cases).

In the motion for summary judgment, Defendants contend that summary judgment is appropriate because none of the Defendants personally participated in the transfer from the Unit to Operations and therefore could not have used the force alleged by Truman. (ECF No. 60.) In other words, Defendants argue that the excessive force incident Truman describes in his complaint did not occur. However, based on the evidence before the Court, and in viewing all facts and drawing all inferences in the light most favorable to Truman, the Court recommends that summary judgment be denied.

First, Defendants fail to meet their initial burden in moving for summary judgment to demonstrate that a reasonable juror could not find for Truman. *Celotex*, 477 U.S. at 323. Defendants are thus unable to overcome the initial step in the summary judgment burden-shifting framework. *See In re Oracle Corp.*, 627 F.3d at 387.

Truman's verified complaint alone overcomes Defendants' claim that "no evidence exists" to establish excessive force in this case. Pursuant to Ninth Circuit law, "[a] verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence . . . ." thus satisfying the *Celotex* affidavit requirement. *McElyea*, 833 F.2d at 197-98 (quoting *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985).

To the extent Defendants argues the Court should discount the facts stated in the complaint, this argument also fails. The Court may not engage in '[c]redibility determinations' or 'the weighing of evidence'" at the summary judgment stage, "as those are functions reserved for the jury." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (quoting *Anderson*, 477 U.S. at 255).

Therefore, Defendants have failed to meet their initial burden on summary judgment establishing that there was no evidence in the record that the events occurred based on the complaint. On this basis alone, Defendants' motion should be denied as to the excessive force claim.

However, even if the Court were to assume Defendants met their initial burden on summary judgment, Defendants' motion must still be denied. Viewing the evidence in the light most favorable to Truman, the Court cannot say as a matter of law that the force used was not excessive. Based on Truman's allegations, the Defendants maliciously and sadistically beat Truman for the purpose of causing injury to him. Based on the allegations, Defendants' use of force did not appear to be used to maintain or restore discipline. A reasonable jury could determine that the amount of force used against Truman was excessive.

///

It is not the Court's role to weigh conflicting evidence or make credibility determinations, but only to determine whether there is a genuine issue of material fact for trial. *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). Further, the Ninth Circuit has found that the reasonableness of force used is ordinarily a question of fact for the jury because such cases almost always turn on a jury's credibility determinations. *See Liston,* 120 F.3d at 976 n. 10.

The Court finds that Truman has set forth evidence sufficient to raise a genuine issue of material fact for trial as to whether Defendants' use of force was "maliciously and sadistically" applied rather than as part of a "good faith effort to maintain or restore discipline." *Hudson,* 503 U.S. at 7. Accordingly, the Court recommends that Defendants' motion for summary judgment, (ECF No. 60), be denied as to Truman's Eighth Amendment excessive force claim.

### B.    Due Process

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). In *Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In Sandin, the Supreme Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (i) disciplinary segregation was essentially the same as discretionary forms of segregation; (ii) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (iii) the length of the plaintiff's sentence was not affected. *Id.* at 486-87.

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (i) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (ii) an

1  opportunity to present documentary evidence and call witnesses, unless calling witnesses
2  would interfere with institutional security; and (iii) legal assistance where the charges are
3  complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).

"When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992). An inmate's right to present witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985). Likewise, "an inmate facing disciplinary proceedings should be allowed to . . . present documentary evidence in his defense when permitting him to do so w[ould] not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566.

Truman's due process claim is based on his allegation that following the May 20, 2022, incident, he received a notice of charges, but Defendant Rigney declined to review exculpatory camera footage of the incident. (ECF No. 5.)

The evidence before the Court shows that Truman was served with the notice of charges on June 14, 2022, (ECF No. 60-3), and the hearing was held on August 4, 2022 (ECF No. 60-4). Truman requested one witness, and the request was approved by the hearing officer. (ECF No. 60-4 at 2.) The report from the disciplinary hearing do not note that Truman requested video evidence to be presented at the hearing. (Id.) An audio recording of the disciplinary hearing confirms that Truman did not request video evidence to be presented at the hearing. (ECF No. 61.)

Thus, based on the evidence before the Court, Truman was provided with all the due process protections guaranteed and outlined in Wolff. Specifically, Truman was provided: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional

security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff*, 418 U.S. at 563-70. Accordingly, the Court recommends Defendants' motion for summary judgment, (ECF No. 60), be granted as to Truman's Fourteenth Amendment due process claim.[5]

## IV.  CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 60), be granted in part and denied in part and Truman's surreply, (ECF No. 69), be stricken.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 60), be **GRANTED** as to the Fourteenth Amendment due process claim; and **DENIED** as to the Eighth Amendment excessive force claim.

**IT IS FURTHER RECOMMENDED** that Truman's unauthorized surreply, (ECF No. 69), be **STRICKEN**.

**DATED**: January 8, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Because the Court recommends Defendants' motion for summary judgment be granted on the merits of the due process claim, it need not address Defendants' argument regarding qualified immunity.