AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants Darrion Houston; Matthew Leong;*
*Thurston Moore; and Curtis Rigney*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

CURTIS TRUMAN,

                    Plaintiff,

vs.

THURISTON MOORE, et al.,

                    Defendants.

Case No.  3:22-cv-00548-MMD-CLB

**JOINT PRETRIAL ORDER**

Following pretrial proceedings in this case,

IT IS ORDERED:

I.      **NATURE OF ACTION AND CONTENTIONS OF THE PARTIES**

        A.      **NATURE OF ACTION**

        Curtis Truman (Truman) is an inmate incarcerated in the Nevada Department of Corrections (NDOC).  Truman filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 5) for events that allegedly occurred while he was housed at High Desert State Prison (HDSP) in May, 2022.  (*Id.* at 3).  Truman alleges he was beaten while in leg shackles and handcuffed behind his back.  In its Screening Order (ECF No. 4), this Court ordered that Truman could proceed on his Eighth Amendment failure to protect claim to proceed against Defendants Moore, Houston and Leong, and the Fourteenth Amendment due process claim against Defendant Rigney.  (*Id.* at 9).

///

1

1    This Court granted summary judgment to the Defendant, Rigney, and denied

2    the motion as to the Eighth Amendment claim. (ECF No. 73) Therefore, this matter is

3    proceeding on Plaintiff's claim that the Defendants violated his Eighth Amendment,

4    excessive force claim.

5    **B.    CONTENTIONS OF THE PARTIES**

6    **1.    Plaintiff's Contentions**

7    Truman alleges that on May 20, 2022, Defendants Sgt. Moore, C/O Houston, and

8    C/O Leong escorted Truman from his unit to "operations" at HDSP. (ECF No. 5 at 3-4.)

9    During the escort, Truman's hands were cuffed behind his back, and his legs were

10   shackled. (Id. at 3.) At some point, Truman alleges these Defendants said there were no

11   cameras, and they would "whoop [Truman's] ass." (*Id.*) Defendants then allegedly lifted

12   Truman off the ground and threw him down "face first." (*Id.*) They allegedly proceeded

13   to kick Truman's "side" and ribs, knocking the wind out of him. (Id.) Truman claims

14   they also punched his "head and face," splitting his lip and leaving bruises. (Id. at 3-4.)

15   When the escort arrived at "operations," Defendants again allegedly slammed

16   Truman onto the ground. (ECF No. 5 at 4.) This time, Truman's face hit a metal bunk.

17   (*Id.*) As Truman lay on the ground, he claims one of these three Defendants placed a

18   knee on his back while the others punched and kicked him. (*Id.*) Throughout the escort,

19   Truman claims he was "never once . . .aggressive," nor did he put up any resistance.

20   (*Id.*)

21   **2.    Defendants' Contentions**

22   Defendants contend that the evidence does not support Plaintiff's allegations.

23   Defendants incorporate any Affirmative Defenses from the Answer as it pertains to

24   Defendants. Defendants deny that Plaintiff's constitutional rights have been violated.

25   **C.    RELIEF SOUGHT**

26   Plaintiff seeks compensatory, general and punitive damages.

27   ///

28   ///

## II.  STATEMENT OF JURISDICTION

This is a civil action commenced under 42 U.S.C. § 1983.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.  UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF

NONE.

## IV.  FACTS UNADMITTED THAT WILL NOT BE CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: NONE.

## V.  CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

### A.  PLAINTIFF'S CONTESTED FACTS

1.  Whether Defendants followed use of force procedures or prison policy.

2.  Whether Defendants held back evidence from Plaintiff in bad faith to cover up their wrongdoing and keep Plaintiff at a disadvantage. 3. see Complain

### B.  DEFENDANTS' CONTESTED FACTS

1.  Whether Plaintiff has met his burden of producing evidence supporting  the facts set forth above, i.e. whether he can prove that the individual defendants violated his Eighth Amendment rights?

2.  Whether any form of damages is available to Plaintiff for any alleged failures?

3.  Truman, in this matter, has filed a Complaint alleging violations of his constitutional rights under the Fourteenth and Eighth Amendments.  (ECF No. 5).

4.  On or about May 20, 2022, Truman was involved in an incident at HDSP.  (See ECF No. 43-1.)

5.  Truman was observed with an open flame in the unit.  Truman was approached by Sgt. Moore and told to keep his hands on the wall. (ECF No. 43-1)

1    6.    Truman immediately attempted to retrieve something from his waist.

2    (*Id.*).

3    7.    Truman was taken to the ground with the assistance of Defendant

4    Houston.

5    8.    Defendant Leong was attacked by another inmate as he approached

6    Truman and the other officers.  (ECF No. 43-7).  Defendant Leong had no contact with

7    Truman during the fight.  (*Id.*)

8    9.    Truman was charged and found guilty of assault, on 3/31/15, and he

9    was given 9 months in Disciplinary Segregation. (ECF 43-4)

10    10.    Truman was transferred to LCC on April 2, 2015.

11    **VI.    CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED**

12    **UPON TRIAL**

13    **A.    PLAINTIFF**

14    1.    Whether or not the claim against Defendants violates Plaintiff's

15    Constitutional rights, and do the facts warrant a damage award?

16    **B.    DEFENDANT**

17    1.    Did Defendant individually violate Plaintiff's constitutional rights?

18    2.    Did Mr. Truman prove the elements of a violation of his Eighth

19    Liability under section 1983 arises only upon a showing of personal participation by

20    the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). "A plaintiff must

21    allege facts, not simply conclusions, t[o] show that [each defendant] was personally

22    involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193,

23    1194 (9th Cir. 1998); see also *Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d

24    1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983

25    claim.").

26    Detailed factual allegations are not required, but "[t]hreadbare recitals of

27    the elements of a cause of action, supported by mere conclusory statements, do not

28    suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible

4

claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

In Nevada, "punitive damages may be awarded when the plaintiff proves by clear and convincing evidence that the defendant is 'guilty of oppression[;] fraud[;] or malice, express or implied.'" *Peters v. Swift Transportation Co. of Arizona, LLC*, No. 2:19-cv-00874-GMN-EJY, 2023 WL 375985 at *4 (D. Nev. Jan. 23, 2023) (citation omitted). "The standard for punitive damages under §1983 mirrors the standard for punitive damages under common law tort cases.... [S]everal states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim." 9th Cir. Model. Civ. Jury Instrs. 5.5 (quoting *Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005)*). The State of Nevada is no exception. Nev. Rev. Stat. § 42.005.

"'Malice, express or implied' means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." *Russo v. Duracell, Inc.*, No. 2:21-cv-01403-GMN-DJA, 2022 WL 960591 at *3 (D. Nev. Mar. 29, 2022) (*citing* NRS 42.001(3)). "'Conscious disregard' means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." *Id.* (*citing* Nev. Rev. Stat. § 42.001(1)).

## VII.   EXHIBITS

### A.    STIPULATED EXHIBITS AS TO AUTHENTICITY AND ADMISSIBILITY

1.    Administrative Regulation 613

2.    Administrative Regulation 740.

///

**B.    STIPULATED EXHIBITS AS TO AUTHENTICITY BUT NOT ADMISSIBILITY**

None.

**C.    PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS**

1.    Pictures of Plaintiff's injuries.

2.    Declaration of Matthew Leong.

3.    Declaration of Thurston Moore.

4.    Declaration of Darrion Houston.

5.    Transcripts of preliminary hearing made by Defendants and witnesses, Matthew Leong, Thurston Moore, John Betterley, and Jason Stenhouse.

6.    Investigation report made by investigators Ivan Dubon and Karla Moreira.

7.    Supervisors summary of incident.

8.    Spontaneous use of force checklist.

9.    Report on the use of force.

10.    Letters from the Attorney General's office.

11.    All Officer reports of May 20, 2022 incident.

12.    IR-2020-HDSP-002002

13.    IR-2022-HDSP-002001

14.    IN-2022-0262

15.    HDSP Operations shift log for May 20, 2022.

16.    Administrative 405 Use of Force.

17.    Operational Procedure 405 Use of Force.

18.    All prison logs, Registers, Documents or other forms of data pertaining to any and all relevant to this claim.

19.    Any and all other exhibits that may support the statements of facts and law cited herein and to rebut the Defendants' claims, statements and testimony.

///

1    20.    Any and all other exhibits that rebut witnesses that might be called
2    to respond to claims made by either Defendant or any of his proposed witnesses.

3    21.    Administrative Regulation 740.

4    22.    Administrative Regulation 613.

5    23.    All videos related to this incident.

6    **D.    DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS**

7    1.    Plaintiff's Historical Bed Assignments;

8    2.    Plaintiff's Movement History Report;

9    3.    Plaintiff's Information Summary;

10   4.    Certified Judgment(s) of Conviction of Plaintiff for underlying
11   offense (only if needed for impeachment);

12   5.    Plaintiff's Disciplinary History;

13   6.    Plaintiff's Grievance History;

14   7.    Grievance #2006-31-37690;

15   8.    IR-2022-HDSP-002002;

16   9.    IR-2022-HDSP-002001;

17   10.    Offense in Custody #508543;

18   11.    Video, DSCF0013, High Desert State Prison, 5/20/2022;

19   12.    Video, DSCF0012, High Desert State Prison, 5/20/2022;

20   13.    Video, DSCF0014, High Desert State Prison, 5/20/2022;

21   14.    HDSP Unit 8 Shift Log for May 20, 2022;

22   15.    HDSP Unit 1 Shift Log for May 20, 2022;

23   16.    Administrative Regulation 404-Emergency Situations;

24   17.    Administrative Regulation 405-Use of Force;

25   18.    Administrative Regulation 407-Use of Handcuffs and Restraints;

26   19.    Audio Recording of Hearing on OIC #508543;

27   20.    Plaintiff's Case Notes as maintained on the NDOC NOTIS system
28   from   2014 to Present.

7

1          21.    All prison logs, registers, documents, or other form of data
2    pertaining to any and all of Plaintiff's claims.

3          22.    Plaintiff's relevant medical records and kites.

4          23.    Any and all other exhibits that may support the statements of fact
5    and law cited herein and to rebut Plaintiff's statements, claims, and testimony.

6          24.    Any and all other exhibits that rebut witnesses that might be called
7    to respond to claims made by either Plaintiff or any of his proposed witnesses;

8    **E.      DEPOSITIONS**

9          1.    None.

10   **VIII. WITNESSES**

11   **A.      PLAINTIFF'S WITNESSES:**

12   Plaintiff wishes to reserve the right to call the following persons:

13         1.    Investigator Ivan Dubon.

14         2.    Investigator Karla Moreira.

15         3.    Inmate Vernon, Newsom #10518168.

16         4.    Sargeant John Betterley.

17         5.    C/O Matthew Leong.

18         6.    Sargeant Thurston Moore.

19         7.    Glen Faller (Warden)

20         8.    Brian Williams Sr. (Warden)

21         9.    Nethanjah Breitenbach (Warden)

22         10.   C/O Darrion Houston.

23         11.   Lieutenant Patrick Moreda.

24         12.   Custodians of Record for any exhibits identified above.

25         13.   Any and all rebuttal witnesses that might be called to respond to
26   claims made by either Defendants or any of his witnesses.

27         14.   Any and all other witnesses that have personal knowledge
28   supporting Plaintiff's Statement of Facts or Law cited herein.

1    15.    All witnesses identified by Defendants whether or not called to

2 testify at trial.

3    16.    C/O Sevmon White.

4    Plaintiff and Defendants reserve the right to interpose objections to the calling

5 of any named witnesses listed above prior to or at trial.

6 **B.    DEFENDANT'S WITNESSES:**

7    Defendants wish to reserve the right to call the following persons:

8    1.    Plaintiff Curtis Truman, Inmate, High Desert State Prison;

9    2.    Darrion Houston, Defendant, c/o Douglas R. Rands, Office of

10 Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

11    3.    Matthew Leong, Defendant, c/o Douglas R. Rands, Office of

12 Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

13    4.    Thurston Moore, Defendant, c/o Douglas R. Rands, Office of

14 Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

15    5.    Kenneth Williams or medical director, c/o Douglas R. Rands, Office

16 of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

17    6.    Theresa Wickham, Patty Smith or other Director of Nursing, c/o

18 Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada

19 89701-4717.

20    7.    Truman's outside medical providers, c/o Douglas R. Rands, Office of

21 Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

22    8.    Nethanjah Breitenbach, Warden, LCC, c/o Douglas R. Rands, Office

23 of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

24    9.    Brian Williams, Sr., c/o Douglas R. Rands, Office of Attorney

25 General, 100 N. Carson St. Carson City, Nevada 89701-4717.

26    10.    Jason Stinehour, c/o Douglas R. Rands, Office of Attorney General,

27 100 N. Carson St. Carson City, Nevada 89701-4717.

28

1          11.    Curtis Rigney, c/o Douglas R. Rands, Office of Attorney General,

2    100 N. Carson St. Carson City, Nevada 89701-4717.

3          12.    Lieutenant Patrick Moreda, c/o Douglas R. Rands, Office of

4    Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

5          13.    Custodian(s) of Record for any exhibits identified above, c/o Douglas

6    R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV

7    89701-4717, and (775) 684-1100.

8          14.    Any and all rebuttal witnesses that might be called to respond to

9    claims made by either Plaintiff or any of his witnesses.

10          15.    Any and all other witnesses that have personal knowledge

11    supporting Defendant's    statements of fact or law cited herein.

12          16.    All witnesses identified by Plaintiff, whether or not called to testify

13    at trial.

14        Plaintiff and Defendants reserve the right to interpose objections to the calling

15    of any named witness listed above prior to or at trial.

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1    ## IX.    AVAILABLE TRIAL DATES

2    Plaintiff and Defendants' Counsel expressly understand that the Clerk shall set

3    the trial of this matter at the convenience of the Court's calendar.    A jury has been

4    requested.

5    The following are three weeks in which both parties are available:

6    August 12, 2025

7    August 19, 2025

8    September 15, 2025

9    DATED this 30 day of may , 2025.

10                                AARON D. FORD
                                  Attorney General
11

12                          By:    /s/ Douglas R. Rands
                                   DOUGLAS R. RANDS, Bar No. 3572
13                                 Senior Deputy Attorney General

14                                 Attorneys for Defendants

15    DATED this 30 day of may , 2025.

16

17

18    Curtis Truman #1248032
      High Desert State Prison
19    P.O. Box 650
      Indian Springs, NV 89070
20    Plaintiff Pro Se

21    ## X.    ACTION BY THE COURT

22    This case is set for Jury Trial on the stacked calendar on **Tuesday, November 4, 2025 at 9:00 a.m.**

23    Calendar call shall be held on **October 14, 2025, at 9:00 a.m.**

24    The foregoing Pre-Trial Order has been approved by the parties to this action as evidenced by

25    signatures of their counsel hereon, and the Order is hereby entered and will govern the Trial of this case.

26    This Order shall not be amended except by Order of the Court pursuant to the agreement by the parties

27    or to prevent manifest injustice.

28    Dated this 9th day of June, 2025.

Miranda M. Du, U.S. District Judge